IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA D. BRITO MEDINA,

      Plaintiff,

vs.                                                                                                        CV 19-0168 JB/JHR

ANDREW SAUL, Commissioner,
Social Security Administration,

      Defendant.

## **ORDER TO SHOW CAUSE**

      This matter comes before the Court sua sponte. On August 2, 2019, this Court entered a Briefing Schedule which required Plaintiff's opening brief to be filed no later than October 2, 2019, with Defendant's response due on December 2, 2019, and Plaintiff's reply due no later than December 17, 2019. [*See* Doc. 26]. None of these deadlines have been met. Accordingly, the Court hereby orders Plaintiff Brito Medina to file her opening brief, or show cause why she cannot, within thirty (30) days of the entry of this Order.

      Under this Court's Local Rules, an action may be dismissed if no action has been taken for a period of ninety (90) days unless good cause is shown after the clerk gives notice that the case may be dismissed. D.N.M.LR-Civ. 41.1. Likewise, under the Federal Rules of Civil Procedure, "[a] district court may dismiss an action sua sponte if the plaintiff fails to prosecute or to comply with [the federal] rules or a court order." *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir.2003)) (internal quotation marks and alterations omitted). Dismissals under Rule 41(b) may be with prejudice or without prejudice. *Id.* (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161-62 (10th Cir. 2007)). However, the Tenth Circuit has long recognized "that

1

dismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort." *Id.* at 1061.

The Court is contemplating dismissing this case for failure to prosecute. As such, the Court hereby notifies Plaintiff that her case will be dismissed without prejudice if she has not filed her opening brief within 30 days, or otherwise shown good cause[1] in a written filing explaining her failure to comply with the Court's deadlines. If Plaintiff meets this deadline, Defendant will have 60 days from the filing of Plaintiff's brief to file a response. Thereafter, Plaintiff may file a reply no later than 14 days after Defendant's response. If Plaintiff fails to meet her deadline, the Court will recommend to presiding District Judge Browning that the case be dismissed without prejudice.

SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE

---

[1] Good cause "requires the movant to show the scheduling deadlines [could not] be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). Factors that the Court should consider include the diligence of the party who missed the deadline, whether the need for additional time was foreseeable, whether refusing to grant the extension would create a substantial risk of unfairness to the party, and the possible prejudice to the opposing party. *See id.* (citations omitted). Ultimately, district courts have "considerable discretion" in determining what kind of showing satisfies the good cause standard. *Id.*