IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA D. BRITO MEDINA,

    Plaintiff,

vs.                                                                                      CV 19-0168 JB/JHR

ANDREW SAUL, Commissioner,
Social Security Administration,

    Defendant.

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court sua sponte and pursuant to the Order of Reference entered by presiding District Judge Browning on July 2, 2019, which directed the undersigned Magistrate Judge "to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [*See* Doc. 19 (citing 28 U.S.C. §§ 636(b)(1)(B), (b)(3); *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990))]. After the Commissioner answered, this Court entered a standard Order Setting Briefing Schedule on August 2, 2019, which directed Ms. Brito Medina to file her opening brief no later than October 2, 2019, with Defendant's response due on December 2, 2019, and Ms. Brito Medina's reply due no later than December 17, 2019. [*See* Doc. 26]. Ms. Brito Medina did not file an opening brief as directed, nor has she requested an extension of her deadline to do so, or otherwise informed the Court of her need for additional time.

On January 3, 2020, this Court ordered Ms. Brito Medina to file her opening brief, or show cause why she could not, within thirty (30) days. [*See* Doc. 27]. After reciting the pertinent procedural history, this Court explained that under the Local Rules for the District of New Mexico, a case may be dismissed if no action has been taken for a period of ninety (90) days unless good

1

cause is shown. [*See id.* (citing D.N.M.LR-Civ. 41.1)]. Likewise, the Court noted that under the Federal Rules of Civil Procedure as interpreted by the Tenth Circuit Court of Appeals, "[a] district court may dismiss an action sua sponte if the plaintiff fails to prosecute or to comply with [the federal] rules or a court order." [*Id.* (citing *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009); Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003))]. The Court warned Ms. Brito Medina that if she failed to file her opening brief as directed or otherwise respond to the Court's Order to Show Cause then it would recommend that Judge Browning dismiss her case without prejudice for failure to prosecute.[1]

To date, Ms. Brito Medina has not filed her opening brief, nor has she filed a response to the Court's Order to Show Cause. As explained in the Order to Show Cause, "good cause" to extend a deadline is not difficult to demonstrate,[2] and the Court would have likely granted Ms. Brito Medina extra time to file her opening brief had she asked for it. Ms. Brito Medina's failure to file her opening brief or explain her inability to do so indicate to the Court an intent to abandon her claims, as the Court's case management/electronic case filing ("CM/ECF") system confirms that the original Order Setting Briefing Schedule and subsequent Order to Show Cause were sent to Ms. Brito Medina's email address of record as she requested on her CM/ECF Pro Se Notification Form. [*See* Doc. 3].

---

[1] Dismissals under Rule 41(b) may be with prejudice or without prejudice. *Davis*, 571 F.3d at 1060 (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161-62 (10th Cir. 2007)). However, the Tenth Circuit has long recognized "that dismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort." *Id.* at 1061.

[2] Good cause "requires the movant to show the scheduling deadlines [could not] be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). Factors that the Court should consider include the diligence of the party who missed the deadline, whether the need for additional time was foreseeable, whether refusing to grant the extension would create a substantial risk of unfairness to the party, and the possible prejudice to the opposing party. *See id.* (citations omitted). Ultimately, district courts have "considerable discretion" in determining what kind of showing satisfies the good cause standard. *Id.*

Wherefore, the undersigned hereby recommends that the Court dismiss Ms. Brito Medina's case for failure to prosecute as contemplated by Local Civil Rule 41.1 and Federal Civil Rule 41(b) and pertinent case law.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**